UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81139-CIV-ZLOCH

EVANGELINA CARABALLO and
JEAN ST. CLAIRE, individually and
on behalf of others similarly situated,

    Plaintiffs,

v.

BRINKER FLORIDA, INC., a foreign
corporation, d/b/a CHILI'S SOUTHWEST
BAR & GRILL and BRINKER
INTERNATIONAL PAYROLL COMPANY, L.P.,
a Delaware limited partnership,

    Defendants.
_____/

**Defendants' Response To Plaintiffs' Statement Of Claim**

    Defendants Brinker Florida, Inc. ("Brinker Florida") and Brinker International Payroll Company, L.P. ("BIPC") (collectively, "Defendants") respond as follows to Plaintiffs' Statement of Claim:

    1.    Defendant Brinker Florida is not an employer, did not employ Plaintiffs, and is not a proper party to this lawsuit.

    2.    Defendant BIPC employs both Plaintiffs.

    3.    Defendants deny Plaintiffs' claims, as stated in Defendants' Answer to Plaintiffs' Complaint, Docket No. 7, filed August 27, 2009. Defendants make this response subject to and without waiving its answer, and the affirmative defenses and other matters pleaded in it.

    4.    Plaintiffs have pleaded that, during their employment, Steven Decarr, their former supervisor, was "shaving time from the computer." Complaint at ¶ 12, Docket No. 1, filed July 15, 2009.

5. Defendant BIPC states that, on information and belief, Steven DeCarr, a former manager at the Chili's Grill & Bar restaurant located at 5910 Jog Rd, Lake Worth, Florida, made certain adjustments to certain time entries recorded by Plaintiffs.

6. When Defendant BIPC learned that Mr. DeCarr made certain adjustments to certain time entries recorded by Plaintiffs, it promptly investigated the matter, it terminated Mr. DeCarr's employment, and it issued supplemental paychecks to Plaintiffs.

7. After this lawsuit was filed, Defendant BIPC was subsequently informed that Plaintiffs do not believe the supplemental checks are sufficient in amount to compensate them for all adjustments Mr. DeCarr made to Plaintiffs' time entries for which they are owed wages, including overtime wages.

8. Defendant BIPC is preparing a report that, on information and belief, will show adjustments Mr. DeCarr made to the time entries recorded by Plaintiffs. A copy of the report will be provided to Plaintiffs' Counsel.

9. Counsel for the parties will thereafter confer to discuss whether the supplemental checks are sufficient in amount to compensate them for adjustments Mr. DeCarr made to Plaintiffs' time entries for which they are owed wages, including overtime wages.

        Respectfully submitted,

        HUNTON & WILLIAMS LLP
        *Counsel for Defendants*

        Laura M. Franze (*pro hac vice* pending)
        California Bar No. 250316
        lfranze@hunton.com
        M. Brett Burns (*pro hac vice* pending)
        California Bar No. 256965
        mbrettburns@hunton.com
        575 Market St., Suite 3700
        San Francisco, California 94105
        Tel: (415) 975-3725
        Fax: (415) 975-3701

By:   s/ James J. Thornton
        James J. Thornton
        Florida Bar No. 323070
        jthornton@hunton.com
        Anna Lazarus
        Florida Bar No. 41337
        alazarus@hunton.com
        Mellon Financial Center
        1111 Brickell Avenue, Suite 2500
        Miami, Florida 33131
        Tel: (305) 810-2500
        Fax: (305) 810-2460

## Certificate of Service

I HEREBY CERTIFY that on this 16th day of September, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Wolfgang M. Florin, Esq. and Gregory A. Owens, Esq., Florin, Roebig, P.A., 2255 Glades Road, Suite 324A, Boca Raton, Florida 33431.

By:   s/ James J. Thornton
        For Hunton & Williams LLP

99900.12004 EMF_US 28478301v1